Hearing Date: 5/4/2022 10:00 AM
Location: Richard J Daley Center
Judge: O'Hara, James N.

Case: 1:22-cv-01921 Document 12-1 Filed: 04/14/22 Page 1 of 9 PageID #:5

**Civil Action Cover Sheet - Case Initiation** (12/01/20) CCL 0520

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Alexa Boidi and Ivan Milosavljevic

v.

Richland Refrigerated Solutions, LLC. Shimeles Tesfaye

FILED
2/24/2022 3:13 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L001862
Calendar, A
16842082

No. 2022L001862

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand ■ Yes ☐ No

**PERSONAL INJURY/WRONGFUL DEATH**
CASE TYPES:
- ■ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
      (including Structural Work Act, Road
      Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
      (Please Specify Below**)
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**
CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

By: Danylo Terleckyj
     (Attorney)                                          (Pro Se)

(FILE STAMP)

**COMMERCIAL LITIGATION**
CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
      (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
      (Please specify below.**)
- ☐ 075 Other Commercial Litigation
      (Please specify below.**)
- ☐ 076 Retaliatory Discharge

**OTHER ACTIONS**
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

**_____

Primary Email: dterleckyj@powellpisman

Secondary Email: smarceleno@powellpisman.com

Tertiary Email: _____

**EXHIBIT A**

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: _____

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 1 of 1

FILED
2/24/2022 3:13 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L001862
Calendar, A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ALEXA BOIDI and IVAN MILOSAVLJEVIC, )
)
    Plaintiffs, )
vs. ) CASE NO.: 2022L001862
)
RICHLAND REFRIGERATED SOLUTIONS, )
LLC., and SHIMELES TESFAYE, )
)
    Defendants. )
)

## COMPLAINT AT LAW

NOW COME the Plaintiffs, ALEXA BOIDI and IVAN MILOSAVLJEVIC, by and through their attorneys, POWELL & PISMAN, PLLC, and complaining of Defendants RICHLAND REFRIGERATED SOLUTIONS, LLC., and SHIMELES TESFAYE, state as follows:

### GENERAL ALLEGATIONS

1. Defendant RICHLAND REFRIGERATED SOLUTIONS, LLC., (hereinafter, "RICHLAND"), is, and at all times mentioned herein was, a Minnesota Limited Liability Corporation, doing business in multiple states including in the State of Illinois and the County of Cook in the State of Illinois, with its registered address in the State of Minnesota.

2. Defendant SHIMELES TESFAYE, (hereinafter "TESFAYE"), is, and at all times mentioned herein was, a resident of the County of Gwinnett, State of Georgia.

3. On February 29, 2020, Plaintiff ALEXA BOIDI was operating a semi-tractor/trailer traveling on Ohio Avenue at or near Ohio Avenue and IL-203, in the City of Madison, County of Madison, State of Illinois.

4. At said date and location, Plaintiff IVAN MILOSAVLJEVIC was a passenger in the semi-tractor/trailer operated Plaintiff ALEXA BOIDI.

5. At said date and location, Defendant TESFAYE was operating a semi-tractor/trailer owned, operated, maintained, and/or controlled by Defendant RICHLAND, at which time he struck the Plaintiffs' vehicle.

## COUNT I

## BOIDI v. TESFAYE

6. Plaintiff incorporates paragraphs 1 through 5 of this Complaint as though said paragraphs were fully set forth herein.

7. It was then and there the duty of the Defendant TESFAYE, to exercise ordinary care in the operation, maintenance, and control of his motor vehicle for the safety of other users of the public way, including the Plaintiff herein.

8. Notwithstanding said duty, Defendant TESFAYE, was then and there guilty of one or more of the following negligent acts and/or omissions:

    (a)    Failed to keep a proper lookout;

    (b)    Failed to slow or stop when danger to the Plaintiff was imminent;

    (c)    Operated a semi-tractor/trailer at speed too great for conditions prevailing;

    (d)    Failed to avoid a collision with the Plaintiff's vehicle;

    (e)    Failed to decrease speed so as to avoid a crash, in violation of the provisions of 625 ILCS 5/11-601, et seq.;

    (f)    Failed to drive as nearly as practicable entirely within a single lane without first ascertaining that such movement can be made with safety, in violation of 625 ILCS 5/12-709, et seq.;

    (g)    Failed to maintain control over said motor vehicle;

    (h)    Failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*, including but not limited to not having the legally required log book, violating regulations on maximum driving time, and failing to reduce speed and exercise caution in hazardous weather conditions;

(i) Failed to properly maintain its Semi Truck, including but not limited to adequate brakes; and

(j) Failed to give audible warning with the horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601, et seq.

9. As a direct and proximate result of one or more or all of the above negligent acts and/or omissions of Defendant TESFAYE, Plaintiff ALEXA BOIDI sustained injuries and damages, including, but not limited to loss of normal life or disability, pain and suffering, loss of earnings and/or earning capacity, disfigurement, risk of future harm, and medical expenses.

WHEREFORE, Plaintiff ALEXA BOIDI, seeks compensation for damages resulting from Defendant, SHIMELES TESFAYE's, aforementioined negligent acts and/or omissions in a sum in excess of $50,000.00, plus costs.

## COUNT II

## BODI v. RICHLAND

10. Plaintiff incorporates paragraphs 1 through 9 of this Complaint as though said paragraphs were fully set forth herein.

11. The actions or inactions of Defendant TESFAYE were performed within the scope and authority of his employment and/or agency with Defendant RICHLAND.

WHEREFORE, Plaintiff ALEXA BOIDI, seeks compensation for damages resulting from Defendant, RICHLAND REFRIGERATED SOLUTIONS, LLC.'s, aforementioined negligent acts and/or omissions in a sum in excess of $50,000.00, plus costs.

## COUNT III

## BODI v. RICHLAND

12. Plaintiff incorporates paragraphs 1 through 11 of this Complaint as though said paragraphs were fully set forth herein.

13. Defendant RICHLAND is a motor carrier as defined by the rules and regulations of the U.S. Department of Transportation, (hereinafter "USDOT"), and operating with the USDOT Number 2381294.

14. At all times relevant Defendant RICHLAND, displayed its name and/or USDOT Number on its vehicles, including the one operated by Defendant TESFAYE.

15. At all times relevant, Part II of the Interstate Commerce Act (49 U.S.C. sec. 301 et seq.), was in full force and effect, under which carrier-lessee is vicariously responsible to the public for the negligent operation of the leased vehicle without regard to whether at the time in question it was being used in the business of the lessee.

WHEREFORE, Plaintiff ALEXA BOIDI, seeks compensation for damages resulting from Defendant, RICHLAND REFRIGERATED SOLUTIONS, LLC.'s, aforementioined negligent acts and/or omissions in a sum in excess of $50,000.00, plus costs.

## COUNT IV

## MILOSAVLJEVIC v. TESFAYE

16. Plaintiff incorporates paragraphs 1 through 5 of this Complaint as though said paragraphs were fully set forth herein.

17. It was then and there the duty of the Defendant TESFAYE, to exercise ordinary care in the operation, maintenance, and control of his motor vehicle for the safety of other users of the public way, including the Plaintiff herein.

- 4 -

18. Notwithstanding said duty, Defendant TESFAYE, was then and there guilty of one or more of the following negligent acts and/or omissions:

    (a)    Failed to keep a proper lookout;

    (b)    Failed to slow or stop when danger to the Plaintiff was imminent;

    (c)    Operated a semi-tractor/trailer at speed too great for conditions prevailing;

    (d)    Failed to avoid a collision with the Plaintiff's vehicle;

    (e)    Failed to decrease speed so as to avoid a crash, in violation of the provisions of 625 ILCS 5/11-601, et seq.;

    (f)    Failed to drive as nearly as practicable entirely within a single lane without first ascertaining that such movement can be made with safety, in violation of 625 ILCS 5/12-709, et seq.;

    (g)    Failed to maintain control over said motor vehicle;

    (h)    Failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*, including but not limited to not having the legally required log book, violating regulations on maximum driving time, and failing to reduce speed and exercise caution in hazardous weather conditions;

    (i)    Failed to properly maintain its Semi Truck, including but not limited to adequate brakes; and

    (j)    Failed to give audible warning with the horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601, et seq.

19. As a direct and proximate result of one or more or all of the above negligent acts and/or omissions of Defendant TESFAYE, Plaintiff IVAN MILOSAVLJEVIC sustained injuries and damages, including, but not limited to loss of normal life or disability, pain and suffering, loss of earnings and/or earning capacity, disfigurement, risk of future harm, and medical expenses.

WHEREFORE, Plaintiff IVAN MILOSAVLJEVIC, seeks compensation for damages resulting from Defendant, SHIMELES TESFAYE's, aforementioined negligent acts and/or omissions in a sum in excess of $50,000.00, plus costs.

## COUNT V

## MILOSAVLJEVIC v. RICHLAND

20. Plaintiff incorporates paragraphs 1 through 5 and 16 through 19 of this Complaint as though said paragraphs were fully set forth herein.

21. The actions or inactions of Defendant TESFAYE were performed within the scope and authority of his employment and/or agency with Defendant RICHLAND.

WHEREFORE, Plaintiff IVAN MILOSAVLJEVIC, seeks compensation for damages resulting from Defendant, RICHLAND REFRIGERATED SOLUTIONS, LLC.'s, aforementioined negligent acts and/or omissions in a sum in excess of $50,000.00, plus costs.

## COUNT VI

## MILOSAVLJEVIC v. RICHLAND

22. Plaintiff incorporates paragraphs 1 through 5 and 16 through 21 of this Complaint as though said paragraphs were fully set forth herein.

23. Defendant RICHLAND is a motor carrier as defined by the rules and regulations of the U.S. Department of Transportation, (hereinafter "USDOT"), and operating with the USDOT Number 2381294.

24. At all times relevant Defendant RICHLAND, displayed its name and/or USDOT Number on its vehicles, including the one operated by Defendant TESFAYE.

25. At all times relevant, Part II of the Interstate Commerce Act (49 U.S.C. sec. 301 et seq.), was in full force and effect, under which carrier-lessee is vicariously responsible to the public for the negligent operation of the leased vehicle without regard to whether at the time in question it was being used in the business of the lessee.

WHEREFORE, Plaintiff IVAN MILOSAVLJEVIC, seeks compensation for damages resulting from Defendant, RICHLAND REFRIGERATED SOLUTIONS, LLC.'s, aforementioined negligent acts and/or omissions in a sum in excess of $50,000.00, plus costs.

          Respectfully Submitted,

By: _____

    One of the Attorneys for Plaintiff

Danylo Terleckyj, Esq.
Firm No. 58935
POWELL & PISMAN, PLLC
875 N. Dearborn Street, 4th Floor
Chicago, IL 60610
P: 312-635-5400
F: 312-635-5482
dterleckyj@powellpisman.com

- 7 -

FILED
2/24/2022 3:13 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L001862
Calendar, A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ALEXA BOIDI and IVAN MILOSAVLJEVIC, )
)
Plaintiffs, )
vs. ) CASE NO.: 2022L001862
)
RICHLAND REFRIGERATED SOLUTIONS, )
LLC., and SHIMELES TESFAYE, )
)
Defendants. )
)

### AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222 (B)

Pursuant to Supreme Court Rule 222 (B), counsel for the above-named plaintiff certifies that plaintiff seeks money damages in excess of Fifty Thousand and 00/100 Dollars ($50,000).

_____
Danylo Terleckyj

Danylo Terleckyj, Esq.
Firm No. 58935
POWELL & PISMAN, PLLC
875 N. Dearborn Street, 4th Floor
Chicago, IL 60610
P: 312-635-5400
F: 312-635-5482
dterleckyj@powellpisman.com